IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 3:20-cr-00015 |
| | ) | Judge Aleta A. Trauger |
| TERRELL STEVENSON | ) | |

**OPINION AND ORDER**

Before the court is defendant Terrell Stevenson's Motion for Judgment of Acquittal or Alternatively, For a New Trial (Doc. No. 99), based on Rules 29 and 33 of the Federal Rules of Criminal Procedure. The United States filed a Response in opposition to the motion (Doc. No. 100), and, upon being directed to do so by the court, the defendant filed a Reply (Doc. No. 103). For the reasons set forth herein, the motion will be denied.

**I.      BACKGROUND**

Stevenson was charged in an Indictment returned on January 8, 2020 with two counts of robbery under the Hobbs Act, 18 U.S.C. § 1951; two counts of using, carrying, or brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1.)

Trial began on September 19, 2023. At the close of the government's proof, the defendant made a motion in open court for judgment of acquittal. To the court's recollection, defense counsel moved for a judgment of acquittal generally, as to all counts, but emphasized two points: (1) that the witness on whose testimony Counts Three and Four depended, Nakita Gamble, was generally so unreliable that the evidence to support those counts was not sufficient; and (2) that Gamble did not testify unequivocally that the defendant was carrying a gun, for purposes of Count Four, the

second § 924(c) count.[1] The court denied the motion.

The pending motion was filed on October 6, 2023, making it one day late under Rules 29(c)(1) and 33(b)(2). In support of his renewed motion, the defendant again argues generally that the evidence was insufficient to support a verdict as to all counts of conviction but again focuses on Count Four, arguing that he is entitled to an acquittal or a new trial on that count, because Gamble could not definitively say whether the "robber had a gun." (Doc. No. 99, at 2.) He also argues that Gamble's testimony was the only evidence supporting his convictions on Counts Three and Four and that her testimony was so unreliable that a judgment of acquittal or a new trial is warranted on those counts. (Doc. No. 99, at 2.)

The government, in response, asserts that the defendant's motion should be dismissed as untimely, having been filed one day late but without any explanation or justification. The government also provides a summary of the proof presented at trial and argues that the proof was clearly more than sufficient to support a guilty verdict as to all four counts. (Doc. No. 100.)

The defendant's Reply asserts that the delayed filing was due to excusable neglect on the part of defense counsel, specifically an error in calendaring the deadline for the filing of the motion. (Doc. No. 103.) He contends that the factors pertaining to excusable neglect weigh in favor of permitting the delayed filing.

---

[1] Neither party has requested the preparation of the trial transcript. The court, therefore, has relied upon its memory and notes taken during the trial to rule on this motion. The court's recollection of the defendant's motion for acquittal at trial differs from that of counsel for the United States, who recalls only that the defendant moved for acquittal on Count Four and contends, in a footnote, that the defendant may have "waived his sufficiency of the evidence arguments [as] to th[e] other counts." (Doc. No. 100, at 7, n.2.)

## II. LEGAL STANDARDS

### A. Rule 29

A district court considering a motion for judgment of acquittal under Rule 29 must determine "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Washington*, 715 F.3d 975, 979 (6th Cir. 2013) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). "All reasonable inferences must be made to support the jury verdict." *United States v. LaVictor*, 848 F.3d 428, 456 (6th Cir. 2017). When considering the sufficiency of the evidence, the court cannot "reweigh the evidence, reevaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *United States v. Iossifov*, 45 F.4th 899, 915 (6th Cir. 2022) (quoting *United States v. Sadler*, 24 F.4th 515, 539 (6th Cir. 2022)), *cert. denied*, 143 S. Ct. 812 (2023). The Sixth Circuit has explained that "a defendant claiming insufficiency of the evidence bears a very heavy burden." *Id.* (quoting *United States v. Emmons*, 8 F.4th 454, 478 (6th Cir. 2021)).

### B. Rule 33

"Rule 33 permits a new trial if a verdict is against the 'manifest weight' of the evidence." *United States v. Mallory*, 902 F.3d 584, 596 (6th Cir. 2018) (quoting *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007)). In considering such a motion, the trial judge takes on the role of a thirteenth juror, "weighing evidence and making credibility determinations firsthand to ensure there is not a miscarriage of justice." *Id.* That is, Rule 33 asks "whether the trial judge himself believes the manifest weight of the evidence supports the verdict" and does not require the court to view the evidence in the light most favorable to the government. *Id.* In this respect, a Rule 33 motion differs vastly from a Rule 29 motion, which challenges the sufficiency of the evidence and asks whether "any rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt." *Jackson*, 443 U.S. at 319. Nonetheless, Rule 33 motions are granted only "in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *Hughes*, 505 F.3d at 592–93.

## III. DISCUSSION

### A. Timeliness of the Motion

A motion under Rule 29 or Rule 33 generally must be filed "within 14 days after a guilty verdict." Fed. R. Crim. P. 29(c)(1); *see also* Fed. R. Crim. P. 33(b)(2). The Rules, however, are to be read in conjunction with Rule 45, which provides, as relevant here:

> When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect.

Fed. R. Crim. P. 45(b)(1)(B). *See United States v. Munoz*, 605 F.3d 359, 367 (6th Cir. 2010) (applying Rule 45 to hold that the district court did not abuse its discretion in concluding that the defendant's delay in filing a motion for a new trial was the result of excusable neglect).

The Sixth Circuit has explained that a claim of excusable neglect requires consideration of a "non-exhaustive list of factors," including: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *United States v. Elenniss*, 729 F. App'x 422, 425 (6th Cir. 2018) (quoting *Munoz*, 605 F.3d at 368). The reason for the delay is the factor given the most weight. *Id.*

In this instance, the very brief one-day delay in filing clearly caused no prejudice to the government and had no impact on the judicial proceedings. While the delay was within the control of the defendant, who is generally held responsible for his attorney's mistakes, *id.*, there is no suggestion that the defendant and his counsel did not act in good faith, and defense counsel

explains that the delay was based on his error in computing the due date from the date the jury verdict was docketed, rather than the day it was rendered. Weighing these factors, and keeping in mind that the principle that a party is considered responsible for his attorney's errors is "applied less stringently in the criminal context," *id.*, the court finds that the one-day delay amounts to excusable neglect and so will consider the defendant's motion on its merits, such as they are.

B.  **Rule 29 Motion**

As set forth above, a defendant bringing a Rule 29 motion "bears a very heavy burden," *Iossifov*, 45 F.4th at 915, one that the defendant here clearly cannot carry. The government presented ample evidence that the defendant robbed a Dollar General Store and a Mapco convenience store within the span of an hour. He was arrested after police followed the vehicle in which he was a passenger—the same car he was seen getting into when he left the scene of the Dollar General robbery—from the area of the Mapco robbery to an exit ramp off I-40 in Nashville. When he was arrested, the defendant was wearing some of the same clothing he had worn during both robberies, and the gun was recovered from under the front passenger seat—an area that was inaccessible to the driver of the vehicle. Police officers also testified that they saw the defendant reaching under the seat after the vehicle was stopped. The money and cigarettes from Mapco were recovered from the floorboard and other cash was recovered strewn about the area where the defendant was arrested. The victim of the Dollar General robbery testified about the defendant's possession and use of a firearm during the course of that robbery, and video surveillance recovered from the Dollar General also clearly showed the defendant brandishing a firearm while he robbed the store.

Gamble, the Mapco attendant, testified that the defendant was clutching his side like he had a weapon when he entered the store. She did not see a gun, but she saw something black that she believed was a gun. Later, when the defendant went into a back room to grab cartons of

cigarettes, she heard a loud noise that sounded to her like a gun falling to the floor. Gamble's 911 call establishes that she reported being robbed "at gunpoint" and seeing part of the gun as the defendant was going into the back room. In addition, the driver of the vehicle used for the robberies identified the gun found below the passenger seat as belonging to the defendant. And finally, the government established the defendant's prior felony conviction.

This evidence, viewed in the light most favorable to the government, was clearly sufficient to establish that the defendant robbed two stores by means of actual or threatened force, that he carried or brandished a gun while committing these robberies, and that he was in possession of a firearm despite a prior felony conviction.

C. **Rule 33 Motion**

The standard for a Rule 33 motion for a new trial is not so stringent, as it does not require the court to view all of the evidence in the light most favorable to the government. However, the bar remains high. The court must consider the credibility of the witnesses and the evidence in its entirety to determine whether the verdict was against the "manifest weight of the evidence." *Mallory*, 902 F.3d at 596.

While Gamble's testimony was equivocal in some respects,[2] the court does not find that it was so inherently unreliable that it should be discounted altogether. In particular, her testimony at the preliminary hearing, her statements on the 911 call, and her testimony at trial were basically consistent as to the essential facts. She never claimed to have seen the entire gun, but she claimed

---

[2] Although Gamble testified at the preliminary hearing (*see* Doc. No. 75-2), she denied at trial that she had testified at the preliminary hearing. The parties stipulated that she did, in fact, testify at the preliminary hearing. In addition, she stated at the preliminary hearing that she could not say for sure whether she saw the "gun exposed, fully exposed," because she "pretty much blacked out." (*Id.* at 41.) At trial, she denied "blacking out" and claimed to remember the incident vividly.

to have seen part of it, and she clearly believed that the defendant was carrying a gun. Her testimony regarding what the robber was wearing and what he took from the store did not waiver. Her testimony, moreover, was corroborated by Mapco's surveillance video, and there is simply no dispute that the Mapco store was robbed while she was there by a person matching the defendant's appearance when he was arrested.

The verdict in this case is not against the "manifest weight of the evidence." *Mallory*, 902 F.3d at 596. The court, acting as a thirteenth juror, finds that the defendant is not entitled to a new trial on any of the counts on which he was convicted.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the defendant's Motion for Judgment of Acquittal or Alternatively, For a New Trial (Doc. No. 99) is **DENIED**.

It is so **ORDERED**.

					 _____
					 ALETA A. TRAUGER
					 United States District Judge